NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 8 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID MICHAEL DECKER,

Petitioner-Appellee,

v.

ROB PERSSON,

Respondent-Appellant.

No.   15-35854

D.C. No. 6:13-cv-01415-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted July 8, 2016
Portland, Oregon

Before: PREGERSON, BEA, and OWENS, Circuit Judges.

Respondent-appellant appeals the U.S. District Court's order granting David

Decker habeas relief from an Oregon State felony murder conviction with burglary

as the predicate felony offense.  The District Court granted relief on three claims

under *Strickland v. Washington*, 466 U.S. 668 (1984).

Claim 1(B) addresses defense trial counsel's failure to request a jury

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

instruction on the lesser included offense of assault. The District Court's review of this claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. The District Court held that the Oregon state court decision constituted an unreasonable application of *Strickland* and granted habeas relief on claim 1(B).

The two additional habeas claims on appeal, claims 1(F) and 1(C), deal with defense trial counsel's failure to address the intent element in Oregon's burglary statute. Claim 1(F) involves defense counsel's failure to argue to the jury that Decker lacked the intent required for a criminal defendant to be convicted of burglary under Oregon law. Claim 1(C) involves defense counsel's failure to request a jury instruction explaining the intent required for a criminal defendant to be convicted of burglary under Oregon law.

The District Court excused Decker's procedural default on claims 1(F) and 1(C) under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) even though Decker failed to raise these claims in the state habeas proceeding as required by Oregon law. *Id.* at 1316 (holding that a federal court may excuse a state habeas petitioner's procedural default if the petitioner can show cause for the failure to raise the claim and prejudice resulting from such failure); *State v. Robinson*, 550 P.2d 758, 25 Or.

App. 675 (1976) (per curiam) (holding that, under Oregon law, a claim of ineffective assistance of counsel must be raised in the initial habeas proceeding). The District Court also granted habeas relief on claims 1(F) and 1(C) upon de novo review.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the District Court's decisions de novo. *Crace v. Herzog*, 798 F.3d 840, 846 (9th Cir. 2015).

With respect to claim 1(B), review of which is governed by AEDPA, we reverse a state court's decision if it "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court] law." 28 U.S.C. § 2254(d)(1). In this case, the relevant Supreme Court law is *Strickland*'s ineffective assistance of counsel standard.

Defense counsel provided an affidavit explaining his decision not to request an assault instruction. In light of defense counsel's affidavit, the Oregon state habeas court denied claim 1(B), holding that defense counsel's decision not to request an assault instruction was strategic.

The Oregon state court decision did not constitute an unreasonable application of *Strickland*. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) (trial

3

court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement"). We thus reverse the District Court's grant of habeas relief on claim 1(B).

Concerning claims 1(F) and 1(C): To be convicted of burglary under Oregon law, a defendant must have intended to commit a crime at the time his permission to remain in the victim's dwelling is revoked. O.R.S. § 164.225 (A person commits the crime of burglary in the first degree if the person "enters or remains unlawfully in a [dwelling] with intent to commit a crime therein.") (incorporating by reference O.R.S. § 164.215, burglary in the second degree); *In re J.N.S.*, 308 P.3d 1112, 1117–18, 258 Or. App. 310, 318–19 (2013) ("[T]he proper focus is on the defendant's intent at the initiation of the trespass. . . . If the trespass begins when a defendant *remains in a building* after authorization has expired or has been revoked, then we ask whether the defendant possessed the requisite criminal intent at the time of the unlawful *remaining*."). In other words, a defendant must have the intent to commit a crime when he becomes a trespasser.

The District Court made the following relevant findings of fact:

[Kirk] Jones[, the victim,] began making sexual

4

advances toward [Justin] Starrett [Jones's and Decker's mutual friend] and asked Starrett to spend the night. This prompted [Decker] to begin teasing Starrett about the overtures, making Starrett angry. According to [Decker], Jones told them, "Well, if you're going to act like that, you should leave my apartment."

At that point, Starrett unscrewed the shade of a nearby lamp, picked up the lamp base with both hands, said to Decker "this is what I think of faggots," and proceeded to hit Jones in the head two or three times. [Decker] then declared it was "my turn" and proceeded to pick up a half-gallon glass liquor bottle and throw it at Jones's head. The bottle bounced off the top of Jones's head, and he began to bleed heavily.

Starrett then picked up a knife and began cutting Jones's neck, telling him "this is what happens to faggots." Believing that Starrett was going to kill Jones, [Decker] left the apartment and waited outside. When Starrett emerged from Jones's apartment, he informed [Decker] that he had killed Jones.

. . . .

The State's medical examiner determined Jones died of blunt force trauma to the head. He opined that the knife wound to Jones's neck was superficial and not fatal. He noted that the injury to the top of Jones's head was consistent with having a bottle thrown at him, but that he did not expect that specific injury was fatal by itself. Thus, the jury could infer that Starrett's blows with the lamp were the likely cause of death.

The District Court found that Jones revoked Decker's permission to remain in the apartment when Jones said, "Well, if you're going to act like that, you should leave my apartment." At trial, defense counsel did not discuss whether Decker had the intent to assault Jones when Decker was told to leave. Defense counsel did not argue that Decker lacked the intent necessary to be convicted of

burglary—the predicate felony for his murder charge. Defense counsel instead argued a statutory affirmative defense. *See* O.R.S. § 163.115(3). We find that defense counsel's decision to argue an affirmative defense rather than Decker's lack of intent did not constitute ineffective assistance of counsel. *See Strickland*, 466 U.S. at 689. We therefore reverse the District Court's grant of habeas relief on claim 1(F).

As for claim 1(C), the Oregon trial court instructed the jury on the statutory requirements of Oregon burglary law. The court's instructions did not specifically address the intent requirement—namely, that intent to commit a crime must exist at the time the defendant's presence in the victim's home becomes unlawful. On claim 1(C), the District Court held that trial counsel's failure to request a jury instruction on burglary's intent requirement constituted ineffective assistance of counsel. We defer our decision on claim 1(C), and remand to the District Court to determine in the first instance whether the burglary instructions given by the Oregon trial court to the jury were sufficient or insufficient concerning the intent element of burglary under Oregon law.

**We REVERSE the District Court as to claims 1(B) and 1(F) and REMAND claim 1(C) for the District Court to determine in the first instance whether the burglary instructions given by the Oregon trial court to the jury**

**were sufficient or insufficient concerning the intent element of burglary under Oregon law.**

*Decker v. Persson*, 15-35854

BEA, J., concurring in part and dissenting in part:

I agree with the majority's reasoning and result as to Decker's claims 1(B)

and 1(F).  But instead of remanding claim 1(C) to the district court, I would reverse

the district court's grant of habeas relief on this claim as well.  The record shows

that the trial judge *did* instruct the jury that for the state to prove that Decker

committed burglary, the jury must find that "*at the time* of entering or remaining

unlawfully, David Decker had the intent to commit the crime of assault therein."[1]

Because this jury instruction clearly and correctly addressed the intent element of

burglary under Oregon law, Decker's 1(C) claim that his trial counsel was

constitutionally ineffective for failing to request a jury instruction explaining that

requirement is not supported by the record.

I respectfully dissent from the majority's remand of claim 1(C).

---

[1]     Although the respondent-appellant did not include these jury instructions in his excerpts of record, the instructions appear in the transcript of Decker's state-court trial, which was entered in the district court's docket. Thus, the instructions are part of the appellate record, and we may rely on them to decide this appeal. *See* Ninth Circuit Rule 10-2 ("[T]he complete record on appeal [includes the] original pleadings, exhibits and other papers filed with the district court."); *cf. Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985) (explaining that "we have discretion to address" issues not raised in the district court where "the pertinent record has been fully developed").